51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth SANDERS, Defendant-Appellant.
 No. 94-5437.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1995.
Decided April 6, 1995.
 
 Jane Moran, Williamson, WV, for appellant. Rebecca A. Betts, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Huntington, WV, for appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Sanders pled guilty to conspiracy to distribute crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to a term of five years, the mandatory minimum sentence for an offense involving five or more grams of crack. 21 U.S.C.A. Sec. 841(b)(1)(B) (West Supp.1994). He contends on appeal that the district court erred in applying the mandatory minimum sentence. We affirm.
 
 
 2
 On June 29, 1993, Sanders and seven friends traveled by bus from Detroit, Michigan, to Huntington, West Virginia. All the bus tickets were paid for by Marcus Chapman, who Sanders knew to be a crack dealer. However, Sanders later maintained that he did not know the purpose of the trip was to sell drugs in West Virginia; he said he went along to party during the Fourth of July holiday. In fact, Chapman brought the group to act as lookouts for him. On the bus, Sanders saw that Chapman had two firearms and a bookbag. He looked into the bag and saw pieces of crack.
 
 
 3
 Chapman sold crack for two days in Huntington. During this time, Sanders hung around with the others. He was aware that crack was being sold to a high volume of customers, and witnessed an argument between a customer and co-defendant Lonnie Chaney which resulted in gunfire. After local authorities were tipped off, two controlled buys were made, and the whole group of conspirators were arrested. Seventeen grams of crack belonging to Chapman were seized. Sanders eventually entered a guilty plea and testified against Chaney.
 
 
 4
 The probation officer recommended that at least five grams of crack were attributable to Sanders. This calculation produced a sentencing guideline range of 37-46 months. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c)(9)(Nov.1993). However, the mandatory minimum sentence for an offense involving more than five grams of cocaine is five years. 21 U.S.C.A. Sec. 841(b)(1)(B). Under United States v. Irvin, 2 F.3d 72, 77 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994), before applying the mandatory minimum sentencing provisions of Sec. 841(b) in a drug conspiracy case, the district court must determine whether the distribution of that quantity of drugs was reasonably foreseeable to the defendant. While Sanders did not challenge the calculation of the guideline range, he argued that it was not reasonably foreseeable to him that five grams of crack would be distributed. He asked the district court to sentence him under the guideline range instead of imposing the five-year mandatory minimum sentence.*
 
 
 5
 In support of his contention that he did not foresee the distribution of five grams of crack, Sanders introduced evidence of his poor performance in school and low scores on intelligence tests. However, a psychologist who evaluated Sanders testified that, while he may have initially tried to avoid knowledge of what was going on, after he saw the crack on the bus he had the ability to foresee that the crack in the bag would be distributed, and had the ability to refuse to participate. The district court found that Sanders could reasonably foresee the distribution of at least five grams of crack.
 
 
 6
 The district court's determination of the amount of drug reasonably foreseeable to a defendant in a drug conspiracy is a factual question reviewed for clear error. United States v. Adams, 988 F.2d 493, 495 (4th Cir.1993). On the record before us, we cannot say that the district court clearly erred.
 
 
 7
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Sanders' argument before the district court, and on appeal, is somewhat inconsistent because the guideline calculation also assumed that five grams of crack were attributable to Sanders, that is, were reasonably foreseeable to him. U.S.S.G. Sec. 1B1.3(a)(1)(B), comment. (n.2)